UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEANDRE BROWN**<br>    **Plaintiff,** | ) JURY TRIAL DEMANDED<br>)<br>) |
| v. | ) Case No. CIV-21-855-F<br>) |
| **HEALTHCARE REVENUE RECOVERY**<br>**GROUP, LLC., d/b/a**<br>**ARS ACCOUNT RESOLUTION**<br>**SERVICES.,**<br>    **Defendant.** | )<br>)<br>)<br>)<br>) |

JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:        Monday, November 1, 2021 at 9:30 a.m. (Central)

Appearing for Plaintiff:   Nkem A House, Sr.

Appearing for Defendant:   Kevin T. Crocker

Jury Trial Demanded -X-  Non-Jury Trial ☐

1. BRIEF PRELIMINARY STATEMENT.
    Plaintiff:  This is an action for actual and statutory damages by Plaintiff Deandre Brown, an individual consumer, against Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiff contends that Defendant violated 15 U.S.C. § 1692e(8) by not disclosing that Plaintiff had disputed the account at issues in the lawsuit.

    Defendant:  Contrary to the allegations in Plaintiff's Complaint, Defendant denies that Plaintiff disputed the account at issue in this lawsuit during the February 11, 2021 telephone conversation that is alleged in Plaintiff's Complaint.  Defendant denies that it violated § 1692e(8) of the FDCPA, and Defendant also denies that Plaintiff is entitled to any of the relief or damages requested in his Complaint.

2. <u>JURISDICTION</u>.  Plaintiff contends that jurisdiction arises under (a) 15 U.S.C. § 1692k and (b) 28 U.S.C. § 1331.  Defendant admits that Plaintiff purports to bring this action under the FDCPA and that this Court could, therefore, have jurisdiction under 15 U.S.C. § 1692 and 28 U.S.C. § 1331. Defendant reserves the right, upon further discovery conducted in this matter, to raise the issue of whether Plaintiff has suffered a particularized, concrete injury-in-fact that is sufficient to confer upon him standing to sue such that the Court does not have subject matter jurisdiction under Article III of the Constitution of the United States.

3. <u>STIPULATED FACTS</u>.  The parties are unable to stipulate to any at the time.

4. <u>CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT</u>.

   a. <u>Plaintiff</u>:  As a result of the actions and inactions of Defendant, Plaintiff suffered damages and respectfully request that this Court enter judgement in favor of Plaintiff and against Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services for:

   i. Judgment that Defendant IC Systems Inc. violated the FDCPA;

   ii. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   iii. Statutory damages pursuant to 15 U.S.C § 1692k(2);

   iv. Costs and reasonable attorney's fees incurred in this action pursuant to 15 U.S.C. § 1692k(3);

   v. For such other and further relief as the Court may deem just and proper.

   b. <u>Defendant</u>:  Defendant asserts that it has not violated the FDCPA and therefore, Plaintiff is not entitled to any of the relief or damages requested.  Further, although Defendant has not made a claim for damages from Plaintiff in this lawsuit, Defendant has requested that it be awarded its attorney's fees reasonably related to the work performed and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. <u>APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE</u>.
   Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
   ☐ Yes -X- No

6. <u>MOTIONS PENDING AND/OR ANTICIPATED</u> Defendant anticipates filing a

      Motion for Summary Judgment on Plaintiff's claims on or before the date set by the Court in its Scheduling Order for the filing of dispositive motions.

7.    COMPLIANCE WITH RULE 26(a)(1).  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  -X-Yes     -X- No
If "no," by what date will they be made?

      On October 25, 2021, Defendant served its Rule 26(a)(1) Initial Disclosures in accordance with the Court's direction contained in its Status/Scheduling Conference Docket [ECF No. 10].  Plaintiff has not yet made his initial disclosures required by ECF No. 10, but will do so by October 30, 2021.

8.    PLAN FOR DISCOVERY.

    A.    The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on October 26, 2021.

    B.    The parties anticipate that discovery should be completed within <u>9 months</u>.

    C.    In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>7 Months.</u>

    D.    Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

        -X- Yes        ☐ No

        The Parties agree that .PDF format will be the default format for production of all documents.

    E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        -X- Yes        ☐ No

        If requested by a party following his/its review of the opposing party's discovery responses/objections, the responding party will provide a privilege log in accordance with Fed. R. Civ. P. 26(f)(3)(D).

        To the extent the parties have made any agreements pursuant to Fed. R.

        Civ. P. 26(f)(3)(D) and Fed. R. of Evid. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

        Not applicable at this time.

F.   Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

        The Parties agree to exchange of Discovery via email. Also, given that this lawsuit involves medical debt, personal and confidential information of the Plaintiff, and confidential documents of Defendant, the parties will submit a Joint Motion for Protective Order and a [Proposed] Agreed Protective Order to the Court for its consideration and entry.

9. **ESTIMATED TRIAL TIME:**   2 days

10. **BIFURCATION REQUESTED:**  ☐ Yes  -X- No

11. **POSSIBILITY OF SETTLEMENT:**  ☐ Good  -X- Fair  ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES:**

    A.   Compliance with LCvR 16.1(a)(1) - ADR discussion:  -X- Yes  ☐ No

    B.   The parties request that this case be referred to the following ADR process:

        ☐ Court-Ordered Mediation subject to LCvR 16.3
        -X- Judicial Settlement Conference
        ☐ Other _____
        None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?  ☐ Yes  -X- No

14. Type of Scheduling Order Requested.  -X- Standard -  ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 27th Day of October, 2021.

Respectfully Submitted,

s/ Nkem A. House
NKEM A. HOUSE, OBA #21219
TIMMONS, RHONE & HOUSE, A.P.A.
527 N.W. 23RD Street, Suite 200
Oklahoma City, Oklahoma  73103
(405) 602-5393 (telephone)
(405) 602-5390 (facsimile)
houselawfirm@gmail.com (email)
ATTORNEY FOR PLAINTIFF


/s/ Kevin T. Crocker
Kevin T. Crocker, Esq.
Texas Bar No. 05087250
**Attorney For Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services**

BARRON & NEWBURGER, P.C.
7320 N. MoPac Expwy., Ste. 400
Austin, Texas 78731
(512) 649-2417 [Direct]
(512) 279-0310 [Fax]
E-Mail:  kcrocker@bn-lawyers.com
ATTORNEY FOR DEFENDANT


### CERTIFICATE OF SERVICE

This is to certify that on this the 27th day of October, 2021 a true and complete copy of the above and foregoing document was submitted via the ECF system and delivered to the following ECF registrants: kcrocker@bn-lawyers.com

s/ Nkem A. House
Nkem A. House